## In re Estate of James Seaton.

1. **Estates**: LANDS: ACTION BY HEIR: JURISDICTION: PRACTICE. Where the estate has been settled by proceedings in one county, and the lands belonging thereto is situated partly in that county and partly in another, the Circuit or District Court of either county has full jurisdiction to entertain an action brought by an heir for the recovery thereof, or any estate therein; and where no objection is interposed, the courts will disregard the form of the proceedings and administer whatever relief the parties may show themselves entitled to.

*Appeal from Harrison Circuit Court.*

FRIDAY, JUNE 9.

IT appears from the abstract in this case that James Seaton died intestate, and that one McGavern was appointed administrator of his estate by the Circuit Court of Harrison county. After what was supposed to be full administration of the estate, the administrator was discharged in March, 1879.

In December, 1879, J. C. M. Seaton, a resident of Pottawattamie county, commenced an action in the Circuit Court of that county against W. W. Seaton, and others, who claimed to be the heirs of James Seaton, deceased, claiming that he was the only heir of James Seaton, and that he was seized in fee of all the lands of said James Seaton which had not been disposed of, consisting of some 1,800 acres, partly situated in Pottawattamie county and partly in Harrison county. On the second day of February, 1881, it was decreed that said James C. M. Seaton was an illegitimate son and heir of James Seaton, deceased, and entitled to inherit his estate. Pending this action W. W. Seaton petitioned the Circuit Court of Harrison county to be appointed administrator *de bonis non* of the estate of James Seaton. The appointment was made, and it is claimed he proceeded thereunder to sell land and pay certain alleged debts. This proceeding was commenced in the name of said J. C. M. Seaton, by guardian, in March, 1881. The proceeding is called a motion, and it is sought

thereby to set aside all the orders and proceedings taken in the matter of W. W. Seaton's administration of the estate, on the ground that such proceedings were had without notice to him, and that all the claims set up are fictitious and false, and barred by the statute of limitations, not having been filed during the administration of the estate. There was filed what is denominated a "reply" to the motion, and there was a trial to the court which resulted in the motion being overruled. J. C. M. Seaton appeals.

*Ament & Sims* and *Ross & Mayne*, for appellant.

*W. J. Bailey* and *Sapp & Lyman*, for appellees.

ROTHROCK, J.—No objection seems to have been taken to the form of the proceeding, and the parties went to trial, J.

1. ESTATES: lands : action by heir : jurisdiction : practice.

C. M. Seaton claiming to be sole heir, and W. W. Seaton claiming to be administrator, being the only parties before the court. The purchaser at the administrator's sale of the land sold by W. W. Seaton, was not not made a party. W. W. Seaton in his "reply," denied that J. C. M. Seaton was an heir of the intestate.

The appellant offered in evidence the original notice and the decree in the action in Pottawattamie county in which he was adjudged and decreed to be heir. This evidence was objected to upon the ground as stated in the abstract, "because the record shows this court had jurisdiction of the matter in controversy before commencement of action in Pottawattamie county, hence said court in Pottawattame county had no jurisdiction to act, or render judgment, which objection was sustained, to which ruling exception was duly taken."

It is urged by the counsel for appellee, that the Circuit Court of Pottawattamie county had no jurisdiction of the action, because section 2319 of the Code provides that "the court of the county in which administration is granted, shall have jurisdiction co-extensive with the State in the settlement of the estate of decedent, and the sale and distribution

of his real estate." But in this case, the estate was settled in the Circuit Court of Harrison county before the suit in Pottawattamie county was commenced, and the real estate in controversy was not required to be sold to settle the estate. The jurisdiction attaches to the real estate necessary to be sold to pay·debts, and to that only. After the estate was settled and the land left belonging thereto was situated partly in one county and partly in another, the Circuit Court or District Court of either county, had full jurisdiction under section 2576 of the Code to entertain an action brought for the recovery thereof, or for an estate therein. We think the evidence in question should not have been held to be inadmissible upon the ground that the court of which it was a record, did not have jurisdiction.

We do not determine what it would have proven, nor do we determine that appellant can obtain the relief he demands by a mere motion without other parties than the administrator before the court. As long however, as no objection is interposed by the other side to the controversy going to the form of the proceeding, courts will disregard the form and aim to administer the relief parties may show themselves entitled to.

For the error in excluding the evidence above mentioned, the judgment of the Circuit Court is reversed and the cause remanded for further proceedings.

REVERSED.